The STATE ex rel. METZKER, Appellant,

v.

FREDERICK, City Auditor, Appellee.

[Cite as *State ex rel. Metzker v. Frederick* (1991), 74 Ohio App.3d 632.]

Court of Appeals of Ohio,
Hancock County.

No. 5–90–31.

Decided June 21, 1991.

*Kentris & Wolph* and *Barbara Doane Larick*, for appellant.

*Hackenberg, Beutler & Rasmussen* and *David Hackenberg*, for appellee.

HADLEY, Judge.

This is an appeal from a judgment entry by the Common Pleas Court of Hancock County which dismissed a complaint for writ of mandamus filed by relator-appellant David Metzker against respondent-appellee Janet R. Frederick, Auditor of the city of Findlay.

David Metzker served as Assistant City Engineer for Findlay from March 1, 1969 until May 10, 1974, when he began serving as the City Engineer for Findlay, a position he held until he left this office on December 3, 1985. Thus, he was an employee for Findlay in excess of sixteen years. When he left office, he was forty-four years old and, therefore, did not qualify to begin receiving his PERS retirement benefits. Pursuant to Findlay City Ordinance 1985–79, Section 36.11, Metzker gave thirty days' written notice that he was retiring from his position and was applying for payment of his unused accumulated sick leave. This request was approved by the Safety–Service Director of Findlay and forwarded to the city auditor. The city auditor contacted the State Auditor for advice concerning the legality of making such

payment. The State Auditor advised that the payment would not be proper under the Findlay ordinance. The city auditor followed this advice and denied payment.

Metzker next filed a complaint for writ of mandamus in the common pleas court. Following the submission of trial briefs and the waiver of oral arguments, the court rendered its judgment entry denying the writ and upholding the decision of the city auditor. It is from this decision which Metzker appeals, making the following assignment of error:

"The trial court erred in dismissing appellant's complaint for a writ of mandamus by finding that (1) appellant failed to establish his right to accrued unused sick leave pursuant to the city ordinance then in effect; and (2) that respondent-appellee as Auditor of the city of Findlay had a clear legal duty to pay said proceeds."

The applicable statutes and ordinances in this case are the following:

R.C. 124.39 provides:

"As used in this section, 'retirement' means disability or service retirement under any state or municipal retirement system in this state.

"* * *

"(B) Except as provided in division (C) of this section, an employee of a political subdivision covered by section 124.38 or 3319.141 of the Revised Code may elect, at the time of retirement from active service with the political subdivision, and with ten or more years of service with the state, any political subdivisions, or any combination thereof, to be paid in cash for one-fourth the value of his accrued but unused sick leave credit. * * *

"(C) A political subdivision may adopt a policy allowing an employee to receive payment for more than one-fourth the value of his unused sick leave or for more than the aggregate value of thirty days of his unused sick leave, or allowing the number of years of service to be less than ten. The political subdivision may also adopt a policy permitting an employee to receive payment upon a termination of employment other than retirement or permitting more than one payment to any employee."

Findlay City Ordinance 1985–79, Section 36.11, provides:

"In addition to the sick leave provided for in R.C. Section 124.38, the following policy on sick leave is established for all employees of the city: * * * (D) Any city employees paid directly by warrant by the City Auditor may elect at the time of retirement from active service with the city, and with ten or more years of service with the state or any of its political subdivisions, to be paid in cash one-fourth the value of the first 960 hours of accrued but unused sick leave credit, and, if applicable, to be paid in cash one-half the value of all accrued but unused sick leave credit in excess of 960 hours.

Payment shall be contingent upon 30 days written notice prior to retirement. * * * ''

R.C. 124.39 sets the minimum requirements with which a state or municipal retirement system must comply. It further states that a political subdivision may allow an employee to receive more than this statute provides and also that such benefits may be extended to those whose employment is terminated other than by retirement.

In the case at hand, there is no question but that the Findlay ordinance provides that the employee receive a higher percentage of his accrued but unused sick leave. However, the Findlay ordinance specifically applies to employees "at the time of retirement." Thus, the only question for review is whether the term "retirement" in the Findlay ordinance is subject to the same definition as found for "retirement" in R.C. 124.39.

 The Ohio Attorney General, in a 1978 advisory opinion, stated the following:

"The legislative authority of a municipal corporation is permitted by R.C. 715.03 to exercise and enforce the powers of a municipality. Accordingly, the legislative authority of a municipal corporation is responsible for promulgating a policy for the payment of accumulated, unused sick leave to municipal employees, pursuant to R.C. 124.39(C)." Ohio Atty. Gen. Op. 78–057, at 2–140.

Consequently, to ascertain Findlay's policy on the payment of accrued but unused sick leave, it is necessary to examine the city ordinances enacted by its legislative authority, the city council. Findlay has adopted a policy under which an employee may receive more than he would have received under the Revised Code. However, the policy requiring such employee to enter retirement as a prerequisite to receiving such funds was not changed. Therefore, the definition found at the beginning of R.C. 124.39, stating that " 'retirement' means disability or service retirement under any state or municipal retirement system in this state," was properly applied by the city auditor. In order for Findlay to adopt a policy which would give these benefits to employees who "resign" or whose positions are "terminated," its council must enact ordinances which expressly extend such benefits to those situations. Additionally, it is irrelevant whether appellant informed the city that he was "retiring" as this does not change the nature of his leaving office. He was not "retiring" in the Revised Code meaning of the word.

 It is argued by appellant that Findlay's policy was defined in 1982 when an individual, who did not meet the Revised Code retirement definition, received accrued but unused sick leave pursuant to the Findlay ordinance.

Such erroneous construction of the ordinance in 1982 will not bar the city auditor from properly applying the ordinance today. As stated above, the legislative authority must promulgate such policy through city ordinance and the city auditor can only enforce what is expressly stated in the ordinance.

Accordingly, the judgment entry of the Common Pleas Court of Hancock County, dismissing appellant's complaint for writ of mandamus, is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.