OPINION
{¶ 1} Joyce L. Davenport appeals from the trial court's decision and entry declaring her ineligible to convert unused sick leave to a cash payment following her separation from employment with defendant-appellee Montgomery County.
 {¶ 2} In her sole assignment of error, Davenport asserts that the trial court "committed reversible error and abused its discretion by rendering judgment in favor of the defendant." For the reasons set forth below, we agree with the trial court's determination that Davenport was ineligible to convert her sick leave to a cash payment immediately upon her separation from employment with Montgomery County. We disagree, however, with the trial court's additional finding that Davenport cannot convert her sick leave to a cash payment upon reaching age fifty-five and beginning to collect service retirement benefits under the Public Employees Retirement System (PERS). Accordingly, the trial court's judgment will be affirmed in part and reversed in part.
 I. Factual and Procedural Background {¶ 3} Davenport filed a complaint on May 19, 2003, seeking a declaratory judgment regarding her right to obtain a cash payment for unused sick leave upon her separation from employment as a court reporter for Montgomery County. The matter proceeded before the trial court on the following stipulated facts:
 {¶ 4} "1. Plaintiff, Joyce L. Davenport, was employed by the Montgomery County Common Pleas Court, effective March 16, 1981.
 {¶ 5} "2. As an employee of the Montgomery County Common Pleas Court the plaintiff was a `public employee' as that term is defined in O.R.C. § 145.01.
 {¶ 6} "3. Montgomery County is an `employer' as that term is defined by O.R.C. § 145.01.
 {¶ 7} "4. Plaintiff separated from her service with the Montgomery County Common Pleas Court, effective May 31, 2002.
 {¶ 8} "5. At the time of her separation from employment with Montgomery County the Plaintiff was 48 years of age, her birth date being May 27, 1954.
 {¶ 9} "6. At the time of her separation from employment with Montgomery County the Plaintiff had 25.066 years of public service credit.
 {¶ 10} "7. At the time of her separation from employment with Montgomery County the Plaintiff had accumulated 964.66 hours of unused sick leave.
 {¶ 11} "8. The Montgomery County Common Pleas Court policy regarding sick leave, and conversion of sick leave upon retirement, effective at the time of the Plaintiff's separation from employment with the Common Pleas Court, is attached hereto as Attachment A."
 {¶ 12} The sick leave conversion policy referenced in paragraph eight of the parties' stipulations provides in relevant part: "If an employee is retiring at age 55 or over with at least ten (10) years of Ohio Public Service credit under the Public Employees Retirement System or has at least thirty (30) years of service credit under the Public Employees Retirement System, he/she is entitled to cash payment for accumulated sick leave[.]"
 {¶ 13} In addition to the foregoing stipulations, the County provided the trial court with an affidavit from County Administrator Deborah A. Feldman. Her affidavit addresses a sick leave policy instituted by the Montgomery County Board of Commissioners. In relevant part, Feldman averred: "The policy of the Montgomery County Board of Commissioners relating to conversion of accrued sick leave upon retirement of County employees whose employment is not pursuant to a collective bargaining agreement is reflected in the attached page of the Board of County Commissioners Employee Handbook of Personnel Policies, attached to this Affidavit as Exhibit `A.'" The sick leave policy mentioned in Feldman's affidavit states: "Upon disability or service retirement of employees with ten (10) or more years service with Montgomery County or other political subdivision of the State or upon death of a full-time regular employee, sick leave may be converted into a cash payment[.]"
 {¶ 14} For her part, Davenport provided the trial court with an affidavit in which she averred that "in the ordinary course of business as a court reporter, I received the attached memo in 1995 which governed the accrual and usage of sick leave, and indicated that we were governed by O.R.C. § 124.38." The memo attached to Davenport's affidavit does not identify its origin or author. Its caption reads, "Recommended Sick Leave Procedure for Court Reporters and Bailiffs." The memo states: "All Court Reporters and Bailiffs are subject to the Ohio Revised Code regarding the accumulation and use of sick leave. This policy offers a recommendation for ensuring O.R.C. compliance with respect to sick leave. Accrual and usage of sick leave will be in accordance with O.R.C. § 124.38." The memo then highlights the accrual and usage provisions of the statute. In light of this memo, Davenport urged the trial court to apply another statutory section, R.C. § 124.384, which allows "employees whose salaries or wages are paid by warrant of the auditor of the state" to convert unused sick leave to cash upon separation from employment or retirement.
 {¶ 15} In their briefs to the trial court, the parties also mentioned yet another sick leave policy that is found in R.C. §124.39. In relevant part, it provides:
 {¶ 16} "As used in this section, `retirement' means disability or service retirement under any state or municipal retirement system in this state.
 {¶ 17} "* * *
 {¶ 18} "(B) Except as provided in division (C) of this section, an employee of a political subdivision * * * may elect, at the time of retirement from active service with the political subdivision, and with ten or more years of service with the state, any political subdivisions, or any combination thereof, to be paid in cash for onefourth the value of the employee's accrued but unused sick leave credit. The payment shall be based on the employee's rate of pay at the time of retirement and eliminates all sick leave credit accrued but unused by the employee at the time payment is made. * * *
 {¶ 19} "(C) A political subdivision may adopt a policy allowing an employee to receive payment for more than one-fourth the value of the employee's unused sick leave or for more than the aggregate value of thirty days of the employee's unused sick leave, or allowing the number of years of service to be less than ten. The political subdivision may also adopt a policy permitting an employee to receive payment upon a termination of employment other than retirement or permitting more than one payment to any employee.
 {¶ 20} "* * * [A]ny modification of the right provided by division (B) of this section, and any policy adopted under division (C) of this section, shall only apply to a county office, department, commission, or board if it is adopted in one of the following ways:
 {¶ 21} "(1) By resolution of the board of county commissioners for any office, department, commission, or board that receives at least one-half of its funding from the county general revenue fund;
 {¶ 22} "(2) By order of any appointing authority of a county office, department, commission, or board that receives less than one-half of its funding from the county general revenue fund. Such office, department, commission, or board shall provide written notice to the board of county commissioners of such order.
 {¶ 23} "(3) As part of a collective bargaining agreement."
 {¶ 24} After considering the foregoing sick leave policies, the trial court filed a two-page decision and entry in which it declared Davenport ineligible to convert her unused sick leave to cash immediately upon her separation from employment with the County. In reaching this conclusion, the trial court relied primarily on the sick leave policy instituted by the Montgomery County Common Pleas Court and discussed in Feldman's affidavit. The trial court reasoned that Davenport was less than fifty-five years old at the time of her separation and, therefore, could not cash in her unused sick leave. The trial court also rejected Davenport's alternative argument that she will be entitled to convert her unused sick leave to cash upon reaching age fifty-five. The trial court found nothing in the Ohio Revised Code or the "county policies" to support such a conclusion.
 {¶ 25} On appeal, Davenport appears to have abandoned her argument that she was entitled to convert her unused sick leave to cash immediately upon her separation from employment with Montgomery County. Instead, she advances what was her alternative argument in the trial court, namely that "she should be eligible for payment of her accumulated sick leave credit (a form of compensation) with Montgomery County when she reaches 55 years of age and begins to receive her retirement benefits from PERS."[1]
 II. Analysis {¶ 26} In reviewing the present appeal, we first must determine which of the foregoing sick leave policies controls our resolution of the parties' dispute. We turn first to the Revised Code sections discussed above, namely R.C. § 124.38, R.C. §124.384, and R.C. § 124.39. Although Davenport may have been covered by R.C. § 124.38 while employed as a court reporter as alleged in her affidavit, this statute does not help her case as it has nothing to do with the conversion of unused sick leave to cash upon separation from employment. Rather, it governs theaccrual and usage of sick leave by county and municipal employees.
 {¶ 27} The second provision cited by Davenport, R.C. §124.384, does address payment for unused sick leave upon separation from employment or retirement. Unfortunately for Davenport, it has no applicability herein as it applies to "employees whose salaries or wages are paid by warrant of the auditor of the state[.]" The memo cited in Davenport's affidavit does not purport to apply R.C. § 124. 384 (as opposed to R.C. §124.38) to Montgomery County court reporters, and the statute plainly has no applicability.
 {¶ 28} The third statute cited by the parties, R.C. § 124.39, governs payment for unused sick leave by employees of political subdivisions such as Davenport. As noted above, it generally provides that an employee "may elect, at the time of retirement from active service with the political subdivision, and with ten or more years of service with the state, any political subdivisions, or any combination thereof, to be paid in cash for one-fourth the value of the employee's accrued but unused sick leave credit." R.C. § 124.39(B).
 {¶ 29} We note, however, that R.C. § 124.39 also authorizes political subdivisions to adopt more generous policies governing the conversion of sick leave to cash. Such policies may be adopted either (1) by resolution of a board of county commissioners that receives at least one-half of its funding from the county general revenue fund or (2) by order of any appointing authority of a county office, department, commission, or board that receives less than one-half of its funding from the county general revenue fund. R.C. § 124.39(C)(1) and (2).
 {¶ 30} In the present case, it appears that two separate sick leave conversion policies may have been adopted pursuant to R.C. § 124.39(C) or otherwise.[2] As noted above, the parties provided the trial court with a sick leave conversion policy established by the Montgomery County Common Pleas Court and a similar policy adopted by the Montgomery County Board of Commissioners. In its ruling, the trial court presumed, without discussion, that the policy established by the Montgomery County Common Pleas Court applied in Davenport's case. On appeal, the parties have failed to provide us with any argument or discussion concerning which of the two policies applies.
 {¶ 31} In any event, having reviewed the sick leave conversion policies adopted by the Montgomery County Common Pleas Court and the Montgomery County Board of Commissioners, we find that our resolution of the present appeal is the same under both policies.
 {¶ 32} As noted above, the policy adopted by the Montgomery County Board of Commissioners provides that "[u]pon * * * service retirement of employees with ten (10) or more years service with Montgomery County * * *, sick leave may be converted into a cash payment[.]" Under Ohio law, an individual may take "service retirement" at age fifty-five with at least twenty-five years of service credit. R.C. § 145.32. Given that Davenport has more than twenty-five years of service credit, it is undisputed that she will be eligible for "service retirement" when she turns fifty-five. Under the sick leave conversion policy established by the Montgomery County Board of Commissioners, we see no reason why Davenport would not be entitled to convert her unused sick leave to cash at that time. Indeed, the policy authorizes her to do so by stating that upon service retirement sick leave may be converted into a cash payment.
 {¶ 33} We reach the same conclusion under the sick leave conversion policy established by the Montgomery County Common Pleas Court. As noted above, it provides that "[i]f an employee is retiring at age 55 or over with at least ten (10) years of Ohio Public Service credit under the Public Employees Retirement System * * *, he/she is entitled to cash payment for accumulated sick leave[.]" When Davenport reaches age fifty-five, she will be retiring with at least ten years of service credit under PERS. Therefore, under the terms of the Montgomery County Common Pleas Court policy, she will be entitled to a cash payment for her accumulated sick leave at that time.
 {¶ 34} Contrary to Montgomery County's argument, we find nothing in either of the foregoing policies that requires an individual to be taking "service retirement" or "retiring" contemporaneously with his or her separation from County employment. Neither sick leave conversion policy imposes a requirement that an individual's eligibility for retirement and separation from employment must occur simultaneously.
 {¶ 35} We also are unpersuaded by Montgomery County's reliance on State ex rel. Metzker v. Frederick (1991),74 Ohio App. 3d 632. That case involved a complaint for a writ of mandamus in which the plaintiff sought to compel the city auditor to pay him for his unused sick leave upon his separation from employment. When he left his job, the plaintiff was forty-four years old and had approximately sixteen years of service credit with the city. Upon review, the Third District Court of Appeals noted that a city ordinance governing sick leave conversion authorized employees to convert sick leave into a cash payment "at the time of retirement from active service with the city[.]" Thus, the appellate court reasoned that an employee was required to enter retirement as a prerequisite to converting unused sick leave into cash. Given that the plaintiff was too young to retire under PERS, the Third District agreed with the trial court's determination that he was not entitled to a writ of mandamus ordering the city auditor to pay him for his unused sick leave.
 {¶ 36} Upon review, we find the Third District's reasoning to be consistent with our analysis herein. Much like the policy at issue in Metzker, the sick leave conversion policies established by the Montgomery County Board of Commissioners and the Montgomery County Common Pleas Court require an individual to take "service retirement" or to "retire" before converting unused sick leave into a cash benefit. Consequently, as in Metzker, we agree that Davenport was not entitled to convert her unused sick leave into cash immediately upon her separation from County employment. This is so because she was not yet eligible to retire under PERS.
 {¶ 37} As for our additional finding that Davenport may convert her unused sick leave into cash upon her service retirement at age fifty-five, Metzker did not address this issue. The plaintiff in Metzker sought only a writ of mandamus ordering immediate payment for his unused sick leave, whereas Davenport seeks a declaratory judgment regarding her right to a cash payment for her unused sick leave at age fifty-five. Given that Metzker did not address the plaintiff's right to obtain compensation for unused sick leave upon reaching retirement age, the Third District's ruling does not conflict with our analysis in this case.
 {¶ 38} Finally, we are unpersuaded by Montgomery County's citation to Ohio Attorney General Opinion No. 91-026. In that ruling, the Ohio Attorney General concluded that a former school district employee who resigned a year before the start of her service retirement was not entitled to compensation for her unused sick leave upon the commencement of her service retirement one year later. Although the facts of that case are similar to Davenport's situation, we note that the Ohio Attorney General was interpreting R.C. § 124.39(B) rather than the sick leave conversion policies established by the Montgomery County Board of Commissioners and the Montgomery County Common Pleas Court.
 {¶ 39} In his ruling, Attorney General Lee Fisher observed that R.C. § 124.39(B) permits an employee to elect, "at the time of retirement from active service with the political subdivision," to convert unused sick leave into a cash benefit. The Attorney General also noted language in the statute providing that "payment shall be based on the employee's rate of pay at the time of retirement." In light of these provisions, the Attorney General reasoned that a person actually must be an "employee" in "active service" at the time of service retirement in order to obtain payment for unused sick leave under R.C. § 124.39(B).
 {¶ 40} In the present case, however, the parties have argued that the applicable sick leave conversion policy was established by either the Montgomery County Board of Commissioners or the Montgomery County Common Pleas Court. Neither of these policies requires an individual to be "in active service" at the time of retirement. Although both polices do refer to retirement by "employees," we do not read them as literally requiring an individual to be an "employee" at the time of service retirement. In fact, the Attorney General's analysis of R.C. § 124.39(B) notwithstanding, it appears to us that an individual will neverbe an "employee" when his or her service retirement becomes effective. Under R.C. § 145.32, service retirement takes effecton the first day of the month immediately following the laterof (1) the last day for which compensation was paid or (2) the attainment of the minimum age or service credit eligibility. Thus, an individual necessarily will have separated from his or her employment prior to commencement of PERS service retirement and, therefore, will never qualify as an "employee" at that time. Instead, such an individual of necessity will be a former employee.
 {¶ 41} As noted above, the policy adopted by the Montgomery County Board of Commissioners provides that "[u]pon * * * service retirement of employees with ten (10) or more years service with Montgomery County * * *, sick leave may be converted into a cash payment[.]" Similarly, the policy instituted by the Montgomery County Common Pleas Court states that "[i]f an employee is retiring at age 55 or over with at least ten (10) years of Ohio Public Service credit under the Public Employees Retirement System * * *, he/she is entitled to cash payment for accumulated sick leave[.]" For the reasons set forth above, we see nothing in either policy that would preclude Davenport from converting her unused sick leave into a cash benefit upon the commencement of her service retirement. Accordingly, we sustain Davenport's assignment of error, insofar as she contends the trial court erred in holding otherwise.
 III. Conclusion {¶ 42} Based on the reasoning set forth above, the judgment of the Montgomery County Common Pleas Court is hereby affirmed in part and reversed in part. The judgment is affirmed insofar as the trial court declared Davenport ineligible to convert her unused sick leave into a cash benefit immediately upon her separation from employment with Montgomery County. The judgment is reversed insofar as the trial court declared her ineligible to convert her unused sick leave into a cash benefit upon the commencement of her service retirement.
Wolff, J., and Grady, J., concur.
[1] In her complaint for declaratory judgment, Davenport sought a declaration that she was immediately eligible to receive payment for her unused sick leave. In her brief to the trial court, however, she also advanced the alternative argument regarding her entitlement to payment upon reaching age fifty-five. Montgomery County responded to this argument, which the trial court addressed and rejected in its decision and entry. Thus, the issue of Davenport's entitlement to convert her unused sick leave to cash upon reaching age fifty-five appears to have been tried by implied consent of the parties. See Civ. R. 15(B).
[2] Davenport has failed to identify the source of authority for the sick leave conversion policy adopted by the Montgomery County Common Pleas Court. We note, however, that it appears to be little more than a paraphrased version of the policy instituted by the Montgomery County Board of Commissioners.